UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JACK LOMBARD, III, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF FORT WAYNE and | ) | |
| DAVID KLEIN, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges against Defendants as follows:

1. The Plaintiff is Jack Lombard III, a resident of Fort Wayne Indiana at all material times to this Complaint.

2. Defendant Fort Wayne City Police Officer David Klein is named in his individual capacity pursuant to 42 U.S.C.§ 1983. At all material times to this Complaint, Defendant Klein was acting within the scope of his employment and under color of law when he subjected the Plaintiff to a stop in the absence of reasonable suspicion, and then detention and arrest without probable cause, subjecting Plaintiff to false arrest, false imprisonment, and unreasonable seizure in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983, and the laws and public policies of the state of Indiana.

3. Defendant City of Fort Wayne ("City") is named in its representative capacity. At all material times to this Complaint, the City employed Defendant Klein and other police personnel, who subjected the Plaintiff to the state torts of false arrest and false

1

imprisonment. The City is liable to the Plaintiff for the torts of its employees under the doctrine of *respondeat superior.*

4. Plaintiff issued a Tort Claim Notice on May 28, 2019, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

5. On December 22, 2018, at around 11:00 p.m., Plaintiff was sitting with a female companion in the parking lot of the Wrigley Field Bar and Grill in Fort Wayne, Indiana. The bar is located in the North East side of town, in a relatively lower crime, suburban area of Fort Wayne. Plaintiff was breaking no laws nor causing any disruption.

6. As Plaintiff sat with his companion, he noticed a fully marked Fort Wayne Police Department patrol car driving passing by. The patrol car was driven by Officer David Klein of the City of Fort Wayne Police Department.

7. Klein approached Plaintiff's car. At no point did Plaintiff attempt to flee or evade the Defendant, and remained cooperative throughout his interactions with the Defendant.

8. Klein asked Plaintiff a few questions, then left briefly before returning to the Plaintiff's vehicle, at which time Defendant told Plaintiff to step out of the car. Plaintiff cooperated and did as told.

9. Klein then searched Plaintiff and handcuffed him before taking Plaintiff to a squad car. Defendant Klein then claimed he had located "illegal things in the vehicle" in which the Plaintiff had been sitting.

10. While still at the scene, Plaintiff's female companion informed Defendant Klein that

everything in the vehicle was hers, including the hypodermic syringe.

11. Defendant nevertheless formally arrested Plaintiff and submitted an affidavit to the Prosecutor's Office in support of the arrest and detention of Plaintiff on the criminal charge of Unlawful Possession of a Syringe, a Level 6 Felony.

12. Plaintiff himself had no knowledge of any contraband allegedly found by Defendant in the car, and adamantly denies having had possession of any syringe or contraband.

13. Plaintiff went to trial on the unjustified charge in Cause No. 02D04-1812-F6-001609. He was acquitted on February 20, 2019, when a jury found the Plaintiff not guilty. The charge was dismissed.

14. Plaintiff contends that Defendant Klein lacked reasonable suspicion to initiate the investigatory stop, and lacked probable cause to believe Plaintiff had committed any crime.

15. Plaintiff contends that Klein's actions in stopping him without reasonable suspicion, detaining him without probable cause, and arresting him without probable cause, subjected Plaintiff to false arrest/false imprisonment, and was an unreasonable seizure, in violation of Plaintiff's federally protected rights under the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983, and the laws and public policies of the State of Indiana.

16. Plaintiff contends that Defendant City of Fort Wayne, as Defendant Klein's employer at the time of the false arrest/ false imprisonment, is liable to Plaintiff for these state torts under the doctrine of *respondeat superior*.

17. The complained-of unlawful and unconstitutional conduct of the Defendants, and each

of them, was the direct and proximate cause of the Plaintiff suffering a wrongful loss of freedom and liberty, inconvenience, mental anguish, emotional distress, and other damages and injuries.

18. The complained-of unlawful conduct of the Defendants, and each of them, was intentional, knowing, willful, wanton and in reckless disregard of the Plaintiff's rights under the Fourth Amendment to the United States Constitution, § 1983, and the laws and public policies of the state of Indiana. Imposition of punitive damages is warranted (where available).

WHEREFORE, Plaintiff, by counsel, respectfully requests judgment against the Defendants and each of them, for compensatory damages, punitive damages (where available), reasonable attorneys' fees and costs, and for all other just proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Emails: cmyers@myers-law.com
*Counsel for Plaintiff*